UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEVEN BRADLEY HODGES,

    Plaintiff,

vs.

JAMES BACA, et al.,

    Defendants.

Case No. 3:07-CV-00051-LRH-(VPC)

**ORDER**

    Plaintiff has submitted an Amended Complaint (#18), and Defendants have submitted another Motion for Screening (#19). The Court has reviewed the Amended Complaint (#18) and will dismiss Count III. Defendants can respond to the rest.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037,

1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

The Court noted that Count III of the original Complaint (#17) failed to state a claim upon which relief can be granted. Plaintiff had not alleged that any actual injury arose from his claim that Defendants had violated his right of access to the courts. Order, p. 2 (#16) (citing Lewis v. Casey, 518 U.S. 343 (1996)). Plaintiff has not corrected this defect. Instead, he incorrectly argues that he need not show actual injury because his is claiming that the law library or legal assistance is inadequate. Amended Compl., p. 6 (#18) (citing Doty v. County of Lassen, 37 F.3d 540 (9th Cir. 1994); Sands v. Lewis 886 F.2d 1166 (9th Cir. 1989)). Subsequent to the decisions that Plaintiff cites, Casey held that a prisoner cannot simply claim that a law library or legal assistance is inadequate, but that the prisoner must show how those inadequacies hindered his ability to pursue his other legal claims. 518 U.S. at 351. Plaintiff has not done this.

The Court's earlier Order (#16), at page 3, also noted that Plaintiff needed to correct the defects of Count I. That mention of Count I was in error.

IT IS THEREFORE ORDERED that Defendants' Motion for Screening (#19) is **GRANTED**.

IT IS FURTHER ORDERED that Count III of the Amended Complaint (#18) is **DISMISSED** for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that Defendants shall file and serve an answer or other response to the Amended Complaint (#18) within twenty (20) days from the date on which this Order is entered.

DATED this 23rd day of May, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE