|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |

STEVEN BRADLEY HODGES                )
                                                            )    3:07-cv-0051-BES (VPC)
            Plaintiff,                                   )
                                                            )
    vs.                                                  )    **REPORT AND RECOMMENDATION**
                                                            )    **OF U.S. MAGISTRATE JUDGE**
                                                            )
JAMES BACA, *et al.*,                        )
                                                            )    November 7, 2007
            Defendants.                              )
_____)

This Report and Recommendation is made to the Honorable Brian E. Sandoval, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (#21). Plaintiff opposed (#27) and defendants replied (#28). The court has throughly reviewed the record and the motions and recommends that defendants' motion to dismiss (#21) be denied.

## I. HISTORY & PROCEDURAL BACKGROUND

Steven Bradley Hodges ("plaintiff"), a *pro se* inmate, is currently incarcerated at Nevada State Prison ("NSP") in the custody of the Nevada Department of Corrections ("NDOC") (#23). Plaintiff brings his first amended complaint pursuant to 42 U.S.C. § 1983, alleging violations of his First Amendment right to access to the courts and his Fourteenth Amendment rights to due process and equal protection (#18).[1] Plaintiff names as defendants James Baca, NSP Associate Warden; Bill Donat, NSP Warden; and Glen Whorton, former NDOC Director. *Id*.

In count I, plaintiff alleges that while incarcerated at NSP in March 2006, defendants placed him in administrative segregation pending investigation of a disciplinary infraction. *Id*. Plaintiff was subsequently found guilty and received a sentence of sixty days in "austere housing"

---

[1] On January 4, 2007, plaintiff filed his complaint in the First Judicial District Court of the State of Nevada in and for Carson City. Defendants removed to federal court pursuant to 28 U.S.C. §§ 1441 and 1443 (#1). On May 24, 2007, the court screened plaintiff's First Amended Complaint and dismissed count III, plaintiff's access to the courts claim (#20).

1  and 120 days loss of good time credits. *Id*. Plaintiff alleges that defendant Baca then "over-rode"
2  the disciplinary committee's sanctions and kept plaintiff in administrative segregation without
3  a due process hearing. *Id*. Plaintiff further alleges that in violation of his right to due process,
4  he remained in administrative segregation for fourteen months without ever being afforded a
5  hearing. *Id*.

6  In count II, plaintiff alleges that defendants treated him differently than inmates who were
7  similarly situated to him. *Id*. Plaintiff claims that another inmate, inmate Gedrose, was sentenced
8  to 120 days in disciplinary detention for the same March 2006 offense as plaintiff, and was
9  released in June 2006. *Id*. However, plaintiff, who allegedly had a less severe sentence than
10 inmate Gedrose of sixty days in austere housing, was continually kept in administrative
11 segregation. *Id*.

12 The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff
13 appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit
14 of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see*
15 *also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

16                     **II. DISCUSSION & ANALYSIS**
17     **A. Discussion**
18         **1. Motion to Dismiss Standard**
19 When considering a motion to dismiss for failure to state a claim upon which relief can
20 be granted, all material allegations in the complaint are accepted as true and are construed in the
21 light most favorable to the non-moving party. *Barnett v. Centoni*, 31 F. 3d 813, 816 (9th Cir.
22 1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). For the movant to succeed, it
23 must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that
24 would entitle him to relief. *Barnett*, 31 F. 3d at 816; *see also Rothman v. Vedder Park Mgt.*, 912
25 F.2d 315, 316 (9th Cir. 1990).

26 Under section 1983, plaintiff must allege that (1) defendants subjected him to the
27
28                                    2

1  deprivation of a right, privilege or immunity guaranteed by the U.S. Constitution or U.S. law, and
2  (2) that the defendant acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988);
3  *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "'Conclusionary allegations,
4  unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights
5  Act.'" *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (*quoting*
6  *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977)). "The plaintiff must 'allege with at
7  least some degree of particularity overt acts which defendants engaged in' that support the
8  plaintiff's claim." *Id*., (*quoting Powell v. Workmen's Compensation Board*, 327 F.2d 131, 137
9  (2d Cir. 1964)).

**B. Analysis**

Defendants argue that plaintiff is challenging the results of his disciplinary hearing, which included a loss of good time credits (#21). Defendants contend that plaintiff is therefore challenging the length of his confinement, and must bring a *habeas corpus* action prior to bringing a section 1983 action, pursuant to the *Heck* doctrine. *Id*. Since he has not done so, defendants conclude that plaintiff's complaint must be dismissed. *Id*.

Plaintiff opposes, arguing that rather than have him serve his disciplinary sanction of sixty days in austere housing, defendants moved him to administrative segregation for 470 days without a classification hearing (#27). Plaintiff claims he has a state-created liberty interest based on the mandatory language in Administrative Regulation 507, and also because it is an atypical and significant hardship in relation to the ordinary incidents of prison life to be confined in administrative segregation for four-hundred and seventy days without a hearing.[2] *Id*.

The court need not set out the law pursuant to the *Heck* doctrine, because the court has very carefully reviewed the allegations in plaintiff's complaint and concludes that defendants

---

[2] The court notes that inmates no longer have state-created liberty interests based on the mandatory language in prison regulations; instead, states may under some circumstances create liberty interests protected by the Due Process clause, but those liberty interests "will be generally limited to freedom from restraint which... impose[s] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

1  have clearly misinterpreted plaintiff's claims. Plaintiff is not challenging the merits of his March
2  24, 2006 disciplinary hearing, the procedure used during that disciplinary hearing, or the sanctions
3  that the disciplinary committee imposed (#18). Instead, plaintiff claims that defendant Baca
4  allegedly over-rode the disciplinary committee's sanction of sixty days in austere housing *after*
5  his disciplinary hearing and gave plaintiff a more severe sanction of time in administrative
6  segregation, which turned out to be 470 days without the benefit of a hearing. In fact, plaintiff's
7  claim could not be more clear as when he describes in count I the constitutional right defendants
8  allegedly violated "plaintiff's right to due process under the 14th Amendment when he was placed
9  and held in administrative segregation without due process hearing or classification hearing."
10 Nowhere in his complaint does plaintiff mention challenging his sentence of sixty days in austere
11 housing or the loss of good-time credits.[3]

12       Defendants' motion to dismiss is denied.[4]

13                          III. CONCLUSION

14       Based on the foregoing, the court concludes that plaintiff is not challenging the length of
15 his confinement; rather, he is challenging his stay in administrative segregation for 470 days
16 without a hearing. Thus, the *Heck* doctrine does not apply. As such, the court recommends that
17 defendants' motion to dismiss (#21) be **DENIED**.
18       The parties are advised:
19       1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of
20 Practice, the parties may file specific written objections to this report and recommendation
21 within ten days of receipt. These objections should be entitled "Objections to Magistrate
22 Judge's Report and Recommendation" and should be accompanied by points and authorities
23 for consideration by the District Court.

---

[3] Indeed, plaintiff notes that he even made a request to start serving his sentence in austere housing on March 27, 2006, but was denied (#18).

[4] The court cautions that it will hold defense counsel to Rule 11 standards and will *sua sponte* raise the issue if this occurs in the future.

28                                       4

   2.   This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#21) be **DENIED**.

**DATED:** November 7, 2007

_____
**UNITED STATES MAGISTRATE JUDGE**

5